THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ned B. Majors, Appellant,
 v.
 Eva M. Thode, Respondent.
 
 
 

Appeal from Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2010-UP-146
Heard February 9, 2010  Filed February 23, 2010    

AFFIRMED

 
 
 
 John
 J. Pringle, Jr. and Shaun C. Blake, of Columbia, for Appellant.
 Douglas
 M. Zayicek, of Myrtle Beach, for Respondent. 
 
 
 

PER
 CURIAM:  Ned
 B. Majors appeals the dismissal of his complaint for breach of contract and
 unjust enrichment, arguing the trial court erred in dismissing his causes of
 action because (1) the suit was the result of a sham assignment executed to
 circumvent the rule that a corporation cannot be represented by a nonlawyer,
 and (2) the contract was illegal and unenforceable.  We affirm the order of the
 trial court pursuant to Rule 220(b)(2), SCACR, and the following authorities:  S.C.
 Code Ann. § 35-1-1540 (1987) ("No person who has made or engaged in the
 performance of any contract in violation of any provision of this chapter or
 any rule or order hereunder . . .  may base any suit on the contract."); Majors v.
 S.C. Sec.
 Comm'n,
 373 S.C. 153, 163-64, 644 S.E.2d 710, 716 (2007) (upholding a cease and desist
 order finding TLA[1] and Majors in violation of § 35-1-810 for failing to register its investment
 contracts); Aaron v. Mahl, 381 S.C. 585, 594, 674 S.E.2d 482, 487 (2009) ("The
 doctrine of unclean hands precludes a plaintiff from recovering in equity if he
 acted unfairly in a matter that is the subject of the litigation to the prejudice
 of the defendant.") (internal quotation omitted); White v. J.M.
 Brown Amusement Co.,
 360 S.C. 366, 371, 601 S.E.2d 342, 345 (2004) ("When a contract is
 originally legal, but performance becomes illegal due to a change in the law,
 any subsequent performance is against public policy and the party who has
 agreed to perform is excused from doing so."); Jackson v. Bi-Lo
 Stores, Inc.,
 313 S.C. 272, 276, 437 S.E.2d 168, 170 (Ct. App. 1993) ("It is a well
 founded policy of law that no person be permitted to acquire a right of action
 from their own unlawful act and one who participates in an unlawful act cannot
 recover damages for the consequence of that act.  This rule applies at both law
and in equity . . . .") (internal citations omitted). 
AFFIRMED.
PIEPER,
GEATHERS, JJ., and CURETON, A.J., concur.

[1] Majors was the
 president and sole shareholder of Tax Lien Agents, Inc. (TLA).  The underlying
 contract at issue in this case was among the investment contracts specifically
identified in Majors v. South Carolina Securities Commission.